# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**STEPHEN A. EICHENLAUB,**
**PLAINTIFF**

**CASE NO. 1:07CV050**
**(SPIEGEL, J.)**
**(HOGAN, M.J)**

VS.

**SUPERIOR MARINE, INC., ET AL.,**
**DEFENDANTS**

## REPORT AND RECOMMENDATION

This case came on for a fairness hearing following the settlement of this Jones Act case. The hearing was uneventful and the settlement previously reached was approved with one minor glitch. Although the gross amount of the attorney fee was understood and approved by Plaintiff, he did not agree to the apportionment of the fee as negotiated between his former attorney, Meredith Lawrence, and present counsel, Chris Kuebler. Plaintiff did, however, state on the record that he did not object to Mr. Lawrence being paid a reasonable fee for the number of hours actually worked.

The original fee agreement between Plaintiff and Mr. Lawrence was executed in Kentucky in January, 2007 and called for a 40% contingency. Mr. Lawrence's services were terminated by facsimile received in March, 2007. Apparently, the stimulus for Plaintiff's dissatisfaction with Mr. Lawrence was his inability to obtain Maintenance and Cure from Plaintiff's employer within the time frame expected by Plaintiff, who was unable to work and facing a number of immediate expenses, including eviction from his apartment.

In any event, Chris Keebler was hired soon thereafter and was able to settle the case in December, 2008. Although Plaintiff has been paid his share of the proceeds, the amount of the attorney fee has been deposited in Mr. Kuebler's escrow or trust account pending the resolution of this dispute. Only Mr. Lawrence's share of the fee is challenged by Plaintiff, not Mr. Kuebler's share, nor the amount paid to Plaintiff.

Kentucky law, KRS 376.460, grants an attorney a lien for the amount of any fee agreed

upon by the parties. *Baker v. Shapiro*, 203 S.W.3d 697 (2006) holds that when an attorney is discharged before completion of his contract, he is entitled to the quantum meruit value of his services. The Kentucky code of Professional Responsibility, SCR 3.130, 1.5(e) states that a division of an attorney fee between lawyers may be made only when the client is advised and has no objection. Mr. Kuebler is licensed in Michigan and the applicable Michigan Rule of Professional Conduct, MRPC 1.5(e) is similar.

Mr. Lawrence was asked to and did complete an affidavit setting forth the nature and scope of his work on this case. He obtained necessary information from Plaintiff, prepared and filed the Complaint, did preliminary research, obtained the services of an expert witness, reviewed charts prepared by the Corp. of Engineers and relevant information about the M/V Miss May, monitored Plaintiff's medical treatment, communicated with Plaintiff and attorneys for Ingram Barge and Superior Marine, communicated with Plaintiff's landlord, photographed the dock, barges, fleet and Plaintiff's work place and prepared a Request for Production of Documents. The Lawrence Affidavit contains an estimate that approximately 240 hours were expended on Plaintiff's behalf. We are aware that there were no depositions taken, no motions filed and no court appearances made. Plaintiff filed no affidavit contesting the amount of hours Mr. Lawrence claims he spent, although he was given the opportunity to do so.

Mr. Lawrence does not provide us with his lodestar amount, but it is clear that his practice is dominated, if not limited, to representing plaintiffs in maritime cases wherein contingency fees are the norm. A lodestar amount for an attorney with like skills and experience of $350 per hour would not strike us as unusual or on the fringe. Mr. Kuebler concedes as much, probably because his hourly rate is similar. The Court regards Mr. Kuebler as possessing similar skills and experience. In other words, one would expect both to have attained the AV rating by Martindale- Hubbell. The mathematical calculation would indicate that a reasonable fee for Mr. Lawrence would be $84,000. However, were Mr. Lawrence to receive that amount, Mr. Kuebler's fee would be reduced by $4,000, a result which strikes us as unjust.

Mr. Lawrence's portion of the total attorney fee should be $80,000, an amount uncontested by Mr. Kuebler, who is authorized to pay said amount to Mr. Lawrence from his escrow/trust account. The Court emphasizes that the above amount is not awarded because it

2

was the amount negotiated by the two lawyers, but because it represents the reasonable value of Mr. Lawrence's services prior to termination as modified by the total legal fee approved by Plaintiff and the amount earned by Mr. Kuebler.

January 14, 2009

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

STEPHEN A. EICHENLAUB,
**PLAINTIFF**

CASE NO. 1:07CV050
(SPIEGEL, J.)
(HOGAN, M.J)

VS.

SUPERIOR MARINE, INC., ET AL.,
**DEFENDANTS**

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Any party may object to the Magistrate Judge's Report and Recommendation within **TEN (10) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).